WILLIAM L. ANDREWS v. CHARLES FILLMORE.

*Chattel mortgage — Validity as against execution creditor.*

A chattel mortgage in fraud of an execution creditor is nevertheless valid if given to secure an honest debt and taken in good faith.

Error to Macomb. Submitted June 15. Decided June 22.

TRESPASS on the case. Plaintiff brings error. Reversed.

*Irving D. Hanscom* for plaintiff in error. A conveyance is not void as to creditors unless both parties participate in the fraudulent purpose in giving and taking it: Herm. Chat. Mort. § 104.

*Dwight N. Lowell* and *Crocker & Hutchins* for defendant in error.

GRAVES, J.   Andrews held a chattel mortgage from one Stoddard on certain personal property, and Fillmore being a deputy sheriff seized the property on execution against the mortgagor and sold it.   Andrews then sued in trover and on the trial the case turned upon the validity of the mortgage as against creditors.

The verdict was for the defendant.   A charge was requested to the effect that although it should appear that the object of the mortgagor was fraudulent as to creditors, yet if it also appeared that the mortgage was made to secure an honest debt it would be valid unless the fraudulent purpose of the mortgagor was participated in by the mortgagee. The circuit judge refused to give the instruction, and ruled substantially that if the intent of the mortgagor was fraudulent as against the execution creditor, the mortgage, though given for an honest debt and received by the mortgagee in perfect good faith, could not be sustained against the execution.

In this there was error.   The plaintiff was entitled to the instruction prayed for :   *State Bank v. Chapelle* 40 Mich. 447 ; *People v. Bristol* 35 Mich. 28 ; *Adams v. Niemann* ante p. 135.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred.